United States District Court
Southern District of Texas
**ENTERED**
March 02, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| JOSE CAMACHO,<br>Plaintiff | § <br> § <br> § <br> § | |
| v. | § <br> § | Civil Action No. 1:21-cv-146 |
| HEBER DUARTE TORRES, et al<br>Defendant | § <br> § <br> § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff Jose Camacho's Amended Complaint. Dkt. No. 25. For the reasons provided below, it is recommended that: 1) Camacho's claims against the following defendants: Jesus Evaristo Guerra, E.C., Jason Brian Cross, H.E. Buck, A. Garcia, B.C. Bauman, Jason Trant Sager, Shane Collins, Jeremy William Bucchorn, J.J. Houlton, Merrick Garland, U.S. Department of Justice, U.S. Immigration and Naturalization Services, Alejandro Nicholas Mayorkas, U.S. Department of Homeland Security, U.S. Department of State, Secretary of U.S. Dpt of State, Joseph Robinette Biden, Jr., Xavier Becerra, Ur Mendoza Jaddou, Anthony Blinken, and the United States of America be **DISMISSED WITHOUT PREJUDICE**; and 2) the Clerk of Court be **DIRECTED** to remove those defendants from the docket.

## I.   Jurisdiction

The Court has federal question subject matter jurisdiction because Camacho has alleged violations of 42 U.S.C. § 1983. *See* Dkt. No. 25; 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Venue is proper in this District because a

substantial portion of the alleged events giving rise to Camacho's lawsuit occurred here. *See* Dkt. No. 25 (describing actions occurring in Cameron County, Texas); 28 U.S.C. § 124(b)(4) ("The Brownsville Division comprises the counties of Cameron and Willacy."); 28 U.S.C. § 1391(b)(2) nothing that a civil action may be brought in the judicial district where "a substantial part of the events or omissions giving rise to the claim occurred").

## II.   <u>Procedural History</u>

Camacho filed his original complaint against numerous defendants on September 23, 2021, regarding allegations of wrongdoing related to child support, child custody, and divorce proceedings in State court.  Dkt. No. 1.  This suit names over 60 defendants, including the United States of America, various counties and municipalities, government officials, and a brokerage firm, among others.  *Id.*  On September 29, 2021, the Court ordered Camacho to file an amended complaint by November 15, 2021, compliant with the applicable Federal and Local Rules.  Dkt. No. 5.

On November 22, 2021, as Camacho had yet to file the amended complaint, the Court granted him an extension to do so by December 6, 2021.  Dkt. No. 7.  The Court admonished Camacho that his claims could be dismissed with prejudice based on his failure to prosecute and to comply with the Court's orders:

> If Plaintiff does not comply with this Order, he is **ORDERED** to appear in person for a hearing on **December 8, 2021** at **1:30 a.m.** to **SHOW CAUSE** as to why his claims should be dismissed with prejudice based on his failure to prosecute and failure to comply with the Court's orders.
>
> If Plaintiff fails to abide by these instructions, Plaintiff is **NOTIFIED** that his case can and likely will be dismissed for failure to prosecute.  *See* Fed. R. Civ.P. 41(b); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (where the U.S. Supreme Court reaffirmed "that a federal district court

has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Federal Rule of Civil Procedure 41(b) appear[s] to require a motion from a party[.]").

*Id.* (emphasis in original).

On December 8, 2021, the Court granted Camacho an additional extension and ordered him to file his amended complaint by January 31, 2022.  Dkt. No. 9.  The Court again admonished Camacho that his claims could be dismissed with prejudice based on his failure to prosecute and to comply with the Court's orders.  *Id.*  If Camacho failed to comply, the Court set a show cause hearing for February 2, 2002.  *Id.*

On January 6, 2022, as Camacho had not only failed to comply with the Court's orders to file an amended complaint but also failed to file proof of service on 55 defendants, the Court again notified him that his claims could be dismissed for failure to prosecute should he continue to fail to comply with the Court's orders to file his amended pleading.  Dkt. No. 11.  The Court also notified Camacho that his failure to file proof of service on the 55 defendants for which the Clerk of Court previously issued summons, his action would be subject to dismissal:

"The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.]" Fed. R. Civ. P. 4(c)(1). "Unless service is waived, proof of service must be made to the court[, and e]xcept for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see also Ruston v. Gen. Tel. Co. of the Sw.*, 115 F.R.D. 330, 331 (S.D. Tex. 1987) (where the U.S. District Court for the Southern District of Texas dismissed a supplemental complaint for want of prosecution after the plaintiff failed to obtain a summons for the supplemental complaint and perfect service of process.).

> Plaintiff filed his Original Complaint on September 23, 2021, but has failed to file proof of service of process on any of the 55 defendants within 90 days of the date of filing of the Original Complaint. Thus, pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff is hereby **NOTIFIED** that his case can and likely will be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 4(m) and 41(b); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (where the U.S. Supreme Court reaffirmed "that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Federal Rule of Civil Procedure 41(b) appear[s] to require a motion from a party[.]").

*Id.* (emphasis in original).

On January 31, 2022, Camacho filed a motion for extension of time to file his amended complaint. Dkt. No. 14. The Court granted his motion, resetting the deadline to March 2, 2022, to comply with the Court's orders. Dkt. No. 14. Camacho again failed to comply with deadline and on March 11, 2022, he filed a second motion for extension of time. Dkt. No. 16. The Court again granted the motion and ordered him to file the amended complaint by May 13, 2022. Dkt. No. 17. On May 17, 2022, after the May 13 deadline, Camacho filed a third motion for extension of time. Dkt. No. 19. The Court again granted the motion and ordered him to file the amended pleading by July 15, 2022. Dkt. No. 20. Again, Camacho failed to file the amended pleading and appeared for a show cause hearing on July 19, 2022. *Id.* At the hearing, the Court granted Camacho's oral request for further time to file his amended complaint. Dkt. No. 23. Subsequently, on July 29, 2022, Camacho filed his amended complaint.[1] Dkt. No. 25.

On August 15, 2022, the Clerk of Court issued summons to Camacho as to Defendants Becerra, Blinken, Howard, Jaddou, and the Texas Department of Family and

---

[1] The Court notes that although "E.C." was listed as a defendant in the original complaint, the amended complaint did not include "E.C." as a defendant. Accordingly, "E.C." should be dismissed.

Protective Service. *See* Minute Entry dated August 15, 2022. On August 19, 2022, the Court re-issued summons to Camacho as to Defendant Garland. *See* Minute Entry dated August 19, 2022. On September 7, 2022, Camacho filed a motion for re-issuance of summons as to Defendant Pierman, which the Court granted. Dkt. Nos. 28, 29.

On December 5, 2022, noting that various defendants had not yet appeared in this action and that Camacho had not yet filed proof of service on them, the Court ordered him to show cause as to why the claims against any unserved defendants should not be dismissed without prejudice pursuant to Rule 4(m). Dkt. No. 68. The Court again warned Camacho that if he did not demonstrate good cause for his failure to timely serve those defendants, the Court would likely dismiss those claims:

> Critically, Plaintiff has not filed proof of service for any defendant listed in his pleadings.
>
> Federal Rule of Civil Procedure 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Because the 90 days allowed for service under Fed. R. Civ. P. 4(m) has passed, the Court **ORDERS** Plaintiff to **show cause** <u>**within 30 days**</u> of the date of this order why his remaining claims against any unserved defendant should not be dismissed without prejudice under Rule 4(m).
>
> Plaintiff's response must include proper proof of service of the summons and complaint on all remaining defendants. If Plaintiff fails to respond within 30 days, or files a response that does not demonstrate good cause for his failure to timely serve the defendants, Plaintiff is warned that the Court can and likely will, dismiss his remaining claims.

*Id.* (emphasis in original).

Following the Court's order, Camacho filed a number of proofs of service purporting showing service on the remaining defendants. Dkt. Nos. 70-125.

On January 2, 2023, Defendants City of Victoria, City of Yoakum, Victoria County, and Lavaca County filed an advisory stating that Camacho had unsuccessfully attempted to serve by delivering summons to various defendants who were no longer employed by the City of Victoria police department.[2]  Dkt. No 137.  Similarly, on January 4, 2023, Attorney Baltazar Salazar filed a notice with the Court including correspondence sent to Camacho notifying him of his failed attempts to serve pursuant to the applicable rules, the named federal defendants.[3]  Dkt. No. 138.  The Court ordered the parties to appear for a status conference for February 14, 2023, to address the status of service on the unserved defendants.   Dkt. No. 139.   The Court again warned Camacho that any defendants not properly served could be subject to dismissal:

> As the Court has previously noted [Dkt. No. 68], the 90 days allowed for service under Fed. R. Civ. P. 4(m) has passed. It appears that multiple defendants in this case have not yet been properly served and may be subject to dismissal. Plaintiff is **NOTIFIED** that at the upcoming status conference he should be prepared to discuss with the Court these aforementioned service issues and the efforts he has undertaken to serve the defendants in this case.

*Id.*

At the status conference on February 14, 2023, Camacho appeared and informed the Court that he had yet to properly serve the remaining defendants due to issues with his process servers.  *See* Minute Entry dated February 14, 2023.  The Court advised him that it was not inclined to grant any further extensions regarding service on those

---

[2] This includes Defendants Shane Collins, Jeremy Buchhorn, Jason Sager, Jason Cross, J.J. Houlton, Herschel Buck, Adam Garcia, and Bryan Baumann (deceased).
[3] This includes Defendants Joseph Robinette Biden, the United States of America, U.S. Immigration and Naturalization Services, Antony J. Blinken, U.S. Secretary of State, U.S. Department of State, U.S. Department of Justice, Xavier Becerra, U.S. Secretary of Health & Human Services, Merrick Garland, U.S. Attorney General, Alejandro Nicholas Mayorkas, Ur M. Jaddou, Director, U.S. Citizenship and Immigration Services, and the U.S. Department of Homeland Security.

defendants. *Id.* Following the status conference, the docket does not reflect any further updates as to the unserved defendants.

## III.   Legal Standards

### A. Federal Rule of Civil Procedure 4

Pursuant to Federal Rule of Civil Procedure 4, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes the service." Fed. R. Civ. P. 4(c)(1). After effecting service, unless waived, the plaintiff must file proof of service with the Court. Fed. R. Civ. P. 4(l). When a plaintiff fails to effect service "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m).

Exceptions to this rule include cases in which the plaintiff shows good cause for his failure to properly effect service such that the court should extend the time. *Id.*; *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) ("Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure). Actions, or lack thereof, caused by inadvertence, mistake, or ignorance of the law are not sufficient to show good cause. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994).

Rule 4(e) allows for service on an individual either under State law or by: (1) delivery of a copy of the summons and complaint to the defendant personally; (2) leaving a copy of each at the defendant's home with a resident of suitable age and discretion; or (3) delivering a copy of each to an agent authorized to receive service of process. Fed. R. Civ. P. 4(e). Texas Rule of Civil Procedure 106(a) provides that service of a citation may

be done by delivery to the defendant in person or by mailing, by registered or certified mail, return receipt requested. Tex. R. Civ. P. 106(a).  Rule 4(i) governs service of process on federal officers and employees.  Fed. R. Civ. P. 4(i).  It requires service on the local United States attorney and Attorney General, as well as delivery of a copy of the summons and complaint to the agency, officer, and/or employee.  Fed. R. Civ. P. 4(i)(2).

### B.  Federal Rule of Civil Procedure 41(b)

Rule 41(b) provides for dismissal for failure to prosecute and comply with a court's orders.  Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.").

A Rule 41(b) dismissal may be with or without prejudice.  *Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).  "Lesser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice . . . a Rule 41(b) dismissal is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (internal citations omitted).

The Court is mindful of the fact that Camacho is not represented by counsel in this civil action.  However, the Court's authority under Rule 41(b) is not altered when a party is proceeding pro se.  "The right of self-representation does not exempt a party from

compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (internal citations omitted).

## IV.    **Discussion**

Camacho is responsible for properly serving the defendants in this action with a summons and complaint within the 90-day time period set forth by Rule 4.  It is now several months past that deadline and despite the warnings from the Court and the advisories filed in this case (Dkt. Nos. 68, 137, 138), Camacho has failed to properly serve the remaining unserved defendants or show good cause for his failure to do so.  The Court should therefore dismiss those defendants without prejudice under Rule 4(m).  Dismissal of those claims without prejudice is further warranted under Rule 41(b).  The Court finds that lesser sanctions would be futile, as they would only further delay the disposition of this case.

## V.    **Recommendation**

For the foregoing reasons, it is recommended that Camacho's claims against the following defendants: Jesus Evaristo Guerra, E.C., Jason Brian Cross, H.E. Buck, A. Garcia, B.C. Bauman, Jason Trant Sager, Shane Collins, Jeremy William Bucchorn, J.J. Houlton, Merrick Garland, U.S. Department of Justice, U.S. Immigration and Naturalization Services, Alejandro Nicholas Mayorkas, U.S. Department of Homeland Security, U.S. Department of State, Secretary of U.S. Dpt of State, Joseph Robinette Biden, Jr., Xavier Becerra, Ur Mendoza Jaddou, Anthony Blinken, and the United States of America be **DISMISSED WITHOUT PREJUDICE**; and 2) the Clerk of Court be **DIRECTED** to remove those defendants from the docket.

9

## VI.    Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SIGNED on this **2nd** day of **March, 2023**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**

10