UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOSE CAMACHO, § <br> Plaintiff § <br> § <br> § <br> v. § <br> § <br> § <br> HEBER DUARTE TORRES, et al § <br> Defendants § | Civil Action No. 1:21-cv-146 |

## **OPINION AND ORDER**

Before the Court is "Plaintiff's Opposed Motion to Transfer Venue to Victoria Division" ("Motion to Transfer") and Plaintiff's "Motion to Issue Summons". Dkt. Nos. 168, 169. For the reasons provided below, Plaintiff's Motion to Transfer and Motion to Issue Summons are **DENIED**.

### I.  Procedural History

Camacho filed his original complaint against numerous defendants on September 23, 2021, regarding allegations of wrongdoing related to child support, child custody, and divorce proceedings in State court. Dkt. No. 1. This suit names over 60 defendants, including the United States of America, various counties and municipalities, government officials, and a brokerage firm, among others. *Id*. On September 29, 2021, the Court ordered Camacho to file an amended complaint by November 15, 2021, compliant with the applicable Federal and Local Rules. Dkt. No. 5. Following a number of extensions[1], Camacho filed his First Amended Complaint on July 29, 2022. Dkt. No. 25.

---
[1] *See* Dkt. No. 166, 2-4.

On August 15, 2022, the Clerk of Court issued summons to Camacho as to Defendants Becerra, Blinken, Howard, Jaddou, and the Texas Department of Family and Protective Service. *See* Minute Entry dated August 15, 2022. On August 19, 2022, the Court re-issued summons to Camacho as to Defendant Garland. *See* Minute Entry dated August 19, 2022. On September 7, 2022, Camacho filed a motion for re-issuance of summons as to Defendant Pierman, which the Court granted. Dkt. Nos. 28, 29.

On December 5, 2022, noting that various defendants had not yet appeared in this action and that Camacho had not yet filed proof of service on them, the Court ordered him to show cause as to why the claims against any unserved defendants should not be dismissed without prejudice pursuant to Rule 4(m). Dkt. No. 68. The Court again warned Camacho that if he did not demonstrate good cause for his failure to timely serve those defendants, the Court would likely dismiss those claims. *Id.* Following the Court's order, Camacho filed a number of proofs of service purportedly showing service on the remaining defendants. Dkt. Nos. 70-125.

On January 2, 2023, Defendants City of Victoria, City of Yoakum, Victoria County, and Lavaca County filed an advisory stating that Camacho had unsuccessfully attempted to serve by delivering summons to various defendants who were no longer employed by the City of Victoria police department. Dkt. No 137. Similarly, on January 4, 2023, Attorney Baltazar Salazar filed a notice with the Court including correspondence sent to Camacho notifying him of his failed attempts to serve pursuant to the applicable rules, the named federal defendants. Dkt. No. 138. The Court ordered the parties to appear for a status conference to address the status of service on the unserved defendants. Dkt. No. 139. The Court again warned Camacho that any defendants not properly served could be subject to dismissal. *Id.*

At the February 14, 2023 status conference, Camacho appeared and informed the Court that he had yet to properly serve the remaining defendants due to issues with his process servers. *See* Minute Entry dated February 14, 2023. The Court advised him that it was not inclined to grant any further extensions regarding service on those defendants. *Id*. On March 2, 2023, a recommendation was made that those remaining unserved defendants be dismissed for failure to prosecute and the comply with the Court's orders. Dkt. No. 166.[2]

On March 6, 2023, Camacho filed the instant Motion to Transfer Venue to the Victoria Division and the Motion to Issue Summons. Dkt. Nos. 168, 169. He contends that the case should be transferred to the Victoria Division of the Southern District of Texas "for the convenience of the parties and witnesses, and in the interests of their respective rights and justice." Dkt. No. 168, 1. On March 27, 2023, Defendant Heber Duarte Torres responded that the case should not be transferred as there are no changed circumstances to warrant a transfer. Dkt. No. 192. Torres asserts that Camacho misconstrues the defendants' motions for remote appearances as objections to venue. *Id*.

Camacho also requests that the Clerk of Court issue a summons for service upon Constance Filley Johnson, an individual he claims is a named defendant in the First Amended Complaint. Dkt. No. 169.

---

[2] Consideration of the Report and Recommendation is currently pending before the Court.

## II. <u>Legal Standards</u>

### A. 28 U.S.C. § 1404

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a case to another district or division if: (1) the plaintiff could have brought that action there originally, and (2) the transfer would be for purposes of "the convenience of parties and witnesses, and in the interest of justice." 28 U.S.C. § 1404(a). "The party seeking transfer must prove both elements." *Vodicka v. Ermatinger*, No. 3:19-cv-56, 2021 WL 2917035, at *1 (N.D. Tex. July 12, 2021). The movant must show "good cause" to transfer the case. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). In addition, "The district court has broad discretion in deciding whether to order a transfer." *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987).

In evaluating the second prong, courts undertake a multi-factor analysis. *Id*. The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*. (internal citations omitted). The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the [governing law] and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*. Balancing these factors must clearly weigh in favor of transfer to an alternative venue. *Id*.

### B. Federal Rule of Civil Procedure 4

Pursuant to Federal Rule of Civil Procedure 4, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and

4

must furnish the necessary copies to the person who makes the service." Fed. R. Civ. P. 4(c)(1). After effecting service, unless waived, the plaintiff must file proof of service with the Court. Fed. R. Civ. P. 4(l). When a plaintiff fails to effect service "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m).

Exceptions to this rule include cases in which the plaintiff shows good cause for his failure to properly effect service such that the court should extend the time. *Id.*; *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) ("Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure). Actions, or lack thereof, caused by inadvertence, mistake, or ignorance of the law are not sufficient to show good cause. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994).

### III. <u>Discussion</u>

**A. Motion to Transfer Venue**

In support of his motion to transfer his case to the Victoria Division, Camacho contends that defense counsel filed "several motions for which orders were granted in their favor to make alternative appearances, i.e. via telephone, to the Brownsville Division forum based on travel inconveniences, for which Plaintiff takes it as objections to the forum." Dkt. No. 168 at 2. Notwithstanding this assertion, none of the defendants in this case have objected to the present forum. Furthermore, Camacho's motion to transfer venue is opposed and finds no support from the defendants. The Court also notes that Camacho has not identified any change in circumstances that should now warrant a transfer of the case. This lack of reasoning and evidence is not sufficient to "meet the

significant burden to show good cause for transfer as required under *Volkswagen*." *Cantrell v. City of Murphy*, No. 6:09-cv-225, 2010 WL 786591, at *5 (E.D. Tex. Mar. 1, 2010). Accordingly, Camacho's Motion to Transfer lacks merit and must be denied.

### B. Motion to Issue Summons

Regarding the issuance of summons in this case, Camacho has been repeatedly informed that he is responsible for properly serving the defendants in this action within the 90-day period set forth by Rule 4. *See* Fed. R. Civ. P. 4(m). It is now more than several months beyond the service deadline and Camacho has not shown good cause for his failure to initiate service sooner as to any remaining unserved defendants. As such, the Court declines to issue further summons in this matter. Additionally, the individual for which Camacho requests the Court to issue summons is not properly named as a defendant in this case. To the extent that Camacho seeks to add an additional defendant, he must follow the procedure provided by Federal Rule of Civil Procedure 15. *See* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading [to add a party] only with the opposing party's written consent or the court's leave.") Camacho's Motion to Issue Summons, then, must also be denied.

### IV. <u>Conclusion</u>

For the reasons provided above, Plaintiff's Motion to Transfer (Dkt. No. 168) and Motion to Issue Summons (Dkt. No. 169) are **DENIED**.

**IT IS SO ORDERED.**

6

**SIGNED** on this **6th** day of **April, 2023**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**