United States District Court
Southern District of Texas
**ENTERED**
April 26, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| JOSE CAMACHO, § | |
| Plaintiff § | |
| § | |
| § | Civil Action No. 1:21-cv-146 |
| v. § | |
| § | |
| § | |
| HEBER DUARTE TORRES, et al § | |
| Defendant § | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court is in receipt of Defendant Fidelity Brokerage Services LLC's (hereinafter, "Defendant" or "Fidelity") "Motion to Dismiss Under Rule 12(b)(1) or 12(b)(3), and in the alternative, Motion to Dismiss Under Rule 12(b)(6)" (hereinafter, Defendant's "Motion" or "Motion to Dismiss"), Plaintiff Jose Camacho's "Motion for Injunctive, Declaratory, Habeas Corpus Mandamus Relief and Opposition to Defendants' Motions to Dismiss" (hereinafter, Plaintiff's "Response"), and Defendant's Reply. Dkt. Nos. 62, 180, 191. For the reasons provided below, it is recommended that the Court: (1) **GRANT** Defendant's Motion to Dismiss; (2) **DISMISS** Plaintiff's claims against Fidelity; and (3) **DIRECT** the Clerk of Court to remove Fidelity from the docket.

### I.   Jurisdiction and Venue

The Court has federal question subject matter jurisdiction because Camacho has alleged violations of 42 U.S.C. § 1983. *See* Dkt. No. 25; 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Venue is proper in this District because a substantial portion of the alleged events giving rise to Camacho's lawsuit occurred here.

1

*See* Dkt. No. 25 (describing actions occurring in Cameron County, Texas); 28 U.S.C. § 124(b)(4) ("The Brownsville Division comprises the counties of Cameron and Willacy."); 28 U.S.C. § 1391(b)(2) (noting that a civil action may be brought in the judicial district where "a substantial part of the events or omissions giving rise to the claim occurred").

## II.  Procedural History

Camacho filed his original complaint against numerous defendants on September 23, 2021, regarding allegations of wrongdoing related to child support, child custody, and divorce proceedings in State court. Dkt. No. 1. This suit names over 60 defendants, including the United States of America, various counties and municipalities, government officials, and a brokerage firm, among others. *Id.* On September 29, 2021, the Court ordered Camacho to file an amended complaint by November 15, 2021, compliant with the applicable Federal and Local Rules. Dkt. No. 5. Following a number of extensions[1], Camacho filed his First Amended Complaint on July 29, 2022. Dkt. No. 25.

On November 7, 2022, Fidelity filed the instant Motion to Dismiss. Dkt. No. 62. Fidelity argues that Camacho's claims against it must be dismissed pursuant to an arbitration agreement between the parties. *Id.* Fidelity attaches as an exhibit the Customer Agreement, which states as follows:

> This agreement contains a pre-dispute arbitration clause. Under this clause, which you agree to when you sign your account application, you and Fidelity agree as follows: . . . All parties to this agreement are giving up the right to sue each other in court, including the right to a trial by jury, except as provided by the rules of the arbitration forum in which a claim is filed . . . All controversies that may arise between you and us concerning any subject matter, issue or circumstance whatsoever (including, but not limited to, controversies

---

[1] *See* Dkt. No. 166, 2-4.

> concerning any account, order or transaction, or the continuation, performance, interpretation or breach of this or any other agreement between you and us, whether entered into or arising before, on or after the date this account is opened) shall be determined by arbitration through the Financial Industry Regulatory Authority (FINRA) or any United States securities self-regulatory organization or United States securities exchange of which the person, entity or entities against whom the claim is made is a member, as you designate.

Dkt. No. 62-1 at 19.

In the alternative, Fidelity contends that the claims should be dismissed for failure to state a claim upon which relief can be granted. *Id*. On March 14, 2023, Camacho filed his Response to various defendants' motions to dismiss, including Fidelity's Motion (Dkt. No 62). Dkt. No. 180. Camacho's Response did not contain any arguments specific to his claims against Fidelity or otherwise address its Motion to Dismiss. *See id*. On March 24, 2023, Fidelity filed its Reply. Dkt. No. 191.

### III. Legal Standards

Fidelity moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(3), as the Fifth Circuit has not definitively answered which is the proper rule for a motion to dismiss based on an arbitration clause. *McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 430 n.5 (5th Cir. 2019) ("Our court has not decided whether Rule 12(b)(1) or 12(b)(3) is the proper vehicle for a motion to dismiss based on an arbitration provision.") (internal citations omitted).

#### A. Federal Rule of Civil Procedure 12(b)(1)

"Federal courts are courts of limited jurisdiction[.]" *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (internal citation omitted). The party asserting

3

jurisdiction "constantly bears the burden of proof" to show that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted). The Court will generally accept as true all "well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff." *Kumar v. Frisco Indep. Sch. Dist.*, 443 F. Supp. 3d 771, 777-78 (E.D. Tex. 2020) (internal citation omitted).

### B. Federal Rule of Civil Procedure 12(b)(3)

Pursuant to Federal Rule of Civil Procedure 12(b)(3), a party may move for dismissal based on improper venue. Fed. R. Civ. P. 12(b)(3). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007). The plaintiff maintains the burden of demonstrating that venue is proper. *Am. Gen. Life Ins. Co. v. Rasche*, 273 F.R.D. 391, 396 (S.D. Tex. 2011).

### C. Federal Arbitration Act

Under the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq*. ("FAA"), "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "In adjudicating a motion to compel arbitration under the Federal Arbitration Act, courts generally conduct a two-step inquiry." *Webb v. Investacorp. Inc.*, 89 F.3d 252, 258 (5th Cir. 1996). Courts must evaluate: (1) "whether the parties agreed to arbitrate the dispute in question," and (2)

4

"whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Id.* (internal citation omitted).

To determine whether the parties agreed to arbitrate a dispute, courts consider: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute falls within the scope of that arbitration agreement." *Gross v. GGNSC Southaven, L.L.C.*, 817 F.3d 169, 176 (5th Cir. 2016) (internal citation omitted). As to the second factor in the analysis—whether legal constraints external to an arbitration agreement foreclose the arbitration of a dispute—courts evaluate "whether any federal statute or policy renders the claims nonarbitrable." *Polyflow, L.L.C. v. Specialty RTP, L.L.C.*, 993 F.3d 295, 302 (5th Cir. 2021) (internal citation omitted).

## IV.    Discussion

Fidelity argues that: (1) there is a valid agreement to arbitrate and (2) the dispute in question falls within the agreement. Camacho does not dispute the validity or scope of the arbitration agreement. Indeed, he does not include any defense to Fidelity's Motion to Dismiss within his Response. The agreement that Camacho signed provides that the parties give up the right to sue each other in court, and that all controversies shall be determined via arbitration. As Camacho has agreed to submit his claims to arbitration and the validity and scope of the arbitration agreement are not in question, in consideration of the applicable law, the Court finds that his claims should be submitted to arbitration.

Fidelity contends that the Court should exercise its discretion to dismiss the claims against it in favor of arbitration. A court may dismiss an action with prejudice, rather than stay it, when all claims are subject to arbitration. *Johnson v. Conifer Health*

5

*Solutions*, No. 4:20-cv-767-SDJ-CAN, 2021 WL 2229734, at *11 (E.D. Tex. May 7, 2021) (internal citations omitted). If "retaining jurisdiction and staying the action will serve no purpose", the case should be dismissed. *The Shipman Agency, Inc. v. TheBlaze Inc.*, 315 F. Supp. 3d 967, 976 (S.D. Tex. 2018). The Court finds that staying the claims against Fidelity would serve no purpose in this case. Camacho has not shown or argued otherwise. Therefore, it is recommended that the claims against Fidelity be dismissed with prejudice.

## V.     Recommendation

For the foregoing reasons, it is recommended that the Court: (1) **GRANT** Defendant's Motion to Dismiss (Dkt. No. 62); (2) **DISMISS** Plaintiff's claims against Fidelity; and (3) **DIRECT** the Clerk of Court to remove Fidelity from the docket.

## VI.     Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

6

**SIGNED** on this **26th** day of **April, 2023**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**