United States District Court
Southern District of Texas
**ENTERED**
April 28, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE CAMACHO. "Plaintiff," | § § § | |
| v. | § § | Civil Action No. 1:21-cv-00146 |
| HEBER DUARTE TORRES, et al..., "Defendants." | § § § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the "Magistrate Judge's Report and Recommendation" ("R&R") (Dkt. No. 166) and Plaintiff's "Objections to Magistrate Judge's R&R" ("Objections") (Dkt. No. 184). The R&R is **ADOPTED** for these reasons:

### I. PROCEDURAL BACKGROUND

On September 23, 2021, Plaintiff filed a "Civil Complaint" (Dkt. No. 1) against sixty-two defendants, alleging wrongdoing related to child support, child custody, and divorce proceedings. *See* Dkt. No. 1.

Several months later, the magistrate court ordered Plaintiff to file proof of service on fifty-five defendants or show cause as to why Plaintiff failed to properly serve those defendants. Dkt. No. 11. The magistrate court warned Plaintiff that failure to file proof of service for those defendants would subject his action to dismissal. *Id.*

On July 29, 2022, Plaintiff filed his First Amended Complaint (Dkt. No. 25). By December 2022, the same fifty-five defendants had not appeared, and Plaintiff had still not filed proof of service on them. Dkt. No. 68. The magistrate court again ordered Plaintiff to file proof of service on those defendants or show cause as to why Plaintiff failed to properly serve them. *Id.* Following the magistrate court's order (Dkt. No. 68), Plaintiff filed several proofs of service purporting to show service on the remaining defendants. Dkt. Nos. 70-125.

Several defendants filed an advisory stating Plaintiff had unsuccessfully tried to serve them. Dkt. Nos. 137 & 138. The magistrate court then ordered the parties to appear for a status conference to address the status of service on the unserved defendants and reminded Plaintiff that failure to properly serve any defendant could lead to dismissal of that defendant. Dkt. No. 139. At the status conference, Plaintiff informed the magistrate court he had not properly served the

remaining defendants because of issues with his process servers. *See* Minute Entry dated February 14, 2023. The magistrate court advised Plaintiff it would not grant any further extensions to serve those defendants. *Id.*

Following the status conference, the magistrate court issued an R&R (Dkt. No. 166) recommending that the Court dismiss without prejudice Plaintiff's claims against twenty-two defendants (collectively, "Unserved Defendants") for failing to effect proper service or show good cause for his failure to do so. Dkt. No. 166.

Plaintiff timely filed his "Objections" (Dkt. No. 184) stating he had "arranged for process to be served on the remaining defendants" and submitted the "Proofs or Returns of Services" for the Unserved Defendants. Dkt. No. 184 at 5. Plaintiff also specified that two "defendants actually live outside of mainland America and will require further process." *Id.*

## II. DISCUSSION

If a party objects to a magistrate's rulings, the district court will review de novo. *Wilson*, 864 F.2d at 1221. A district court may dismiss a complaint with or without prejudice when "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." FED. R. CIV. P. 41(b).

As the R&R (Dkt. No. 166) sets forth, Plaintiff had repeated opportunities to properly serve the Unserved Defendants and was warned several times that failure to do so would result in dismissal. Plaintiff later filed proof of service of process after the R&R was issued,[1] but service was not completed within the 90-day limit of Federal Rule of Civil Procedure 4(m). *See Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) ("Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure). The Court recognizes that Plaintiff is proceeding pro se, but "The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991).

Thus, after de novo review, the R&R is **ADOPTED**.

---

[1] The Court will not decide whether service was proper.

## III. CONCLUSION

The Court **ADOPTS** the R&R (Dkt. No. 166). It is therefore ordered that "Plaintiffs' Objections (Dkt. No. 184) are **OVERRULED.** Plaintiff's claims against these defendants are **DISMISSED without prejudice**: Jesus Evaristo Guerra; E.C., a minor child; Jason Brian Cross; H.E. Buck; A. Garcia; B.C. Bauman; Jason Trant Sager; Shane Collins; Jeremy William Bucchorn; J.J. Houlton; Merrick Garland; U.S. Department of Justice; U.S. Immigration and Naturalization Services; Alejandro Nicholas Mayorkas; U.S. Department of Homeland Security; U.S. Department of State; Secretary of the U.S. Department of State; Joseph Robinette Biden, Jr.; Xavier Becerra; Ur Mendoza Jaddou; Anthony Blinken; and the United States of America. The Clerk of the Court is **ORDERED** to remove those defendants form the docket.

Signed on this 28th day of April, 2023.

Rolando Olvera
United States District Judge